UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JEROME REECE,

                Plaintiff,             **MEMORANDUM & ORDER**
                                          18-CV-7385 (KAM) (RML)

    -against-

COMMISSIONER JOSEPH PONTE,
NEW YORK CITY DEPARTMENT OF
CORRECTIONS, CAPTAIN JOHN
CLARKE, et al.,

                Defendants.
--------------------------------X
**MATSUMOTO, United States District Judge:**

        On December 27, 2018, plaintiff Jerome Reece,
represented by counsel, Pamela S. Roth, Esq., commenced this
civil action by filing a complaint.  On January 2, 2019,
plaintiff filed an amended complaint.  Nearly seventeen months
have passed since plaintiff's filing of the amended complaint,
during which time plaintiff did not serve any of the defendants
with a copy of the summons and the complaint, nor did
plaintiff's counsel request an enlargement of time to do so or
show good cause explaining why service was not effectuated
pursuant to Rule 4(m) of the Federal Rules of Civil Procedure
("Rule 4(m)").

        Presently before the court are Magistrate Judge Levy's
*sua sponte* Report and Recommendation ("R&R") recommending that
this case be dismissed for failure to prosecute, and plaintiff's
counsel's objections to the R&R.  (ECF No. 7, R&R; ECF No. 8,

Objection to R&R ("Objections").)  For the reasons set forth below, the court overrules plaintiff's counsel's objections, adopts Magistrate Judge Levy's R&R in its entirety, and dismisses the complaint.

### Procedural History

The court incorporates by reference the procedural history set forth above.  Nearly one year after the complaint was filed, on December 18, 2019, Judge Levy ordered that plaintiff's counsel provide, by December 23, 2019, a status of this litigation and advise whether she has served a copy of the summons and complaint on the defendants within 90 days of the filing of the complaint, as required by Rule 4(m) and, if not, whether there is good cause for her failure to do so.  (Docket Order dated 12/18/2019.)  Further, Judge Levy's order advised plaintiff's counsel, by warning issued conspicuously in all-capital letters, that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION TO JUDGE MATSUMOTO THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE." (*Id.*)  Nevertheless, plaintiff's counsel failed to file a status report or otherwise respond to Judge Levy's December 18, 2019 order.

On January 10, 2020, Judge Levy issued, *sua sponte*, an R&R, recommending that this case be dismissed for lack of prosecution.  (ECF No. 7, R&R.)  On January 24, 2020, plaintiff's counsel filed a timely objection to the R&R,

2

requesting an additional 20 days in which to serve the
defendants.  (ECF No. 8, Objections.)  Plaintiff's counsel
asserts unforeseen family hardships and further asserts that no
prejudice to the defendants would result.  Despite counsel's
assurance that "there will be no further delays," in the four
months that have passed since plaintiff's counsel filed her
objections to the R&R and requested additional time to serve the
defendants, no defendants have been served with the summons and
complaint.

## Legal Standard

Although not explicitly authorized by Rule 41(b) of
the Federal Rules of Civil Procedure ("Rule 41(b)"), the Second
Circuit recognizes the district court's "inherent power" to
dismiss a complaint for failure to prosecute *sua sponte*.  *Zappin
v. Doyle*, 756 F. App'x 110, 111–12 (2d Cir. 2019) (citing *Lewis
v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)).  Similarly, a
court has authority to dismiss an action for failure to comply
with the Federal Rules of Civil Procedure or a court order.
Fed. R. Civ. P. 41(b); *Lamont v. Edwards*, 690 F. App'x 61, 62
(2d Cir. 2017) (by summary order).  Dismissals pursuant to Rule
41(b) are *with prejudice*, unless the dismissal order states
otherwise.  Fed. R. Civ. P. 41(b).

Under the relevant test, the district court weighs
five factors when assessing whether to dismiss for failure to

3

comply with court orders: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Zappin*, 756 F. App'x at 112.  No single factor is generally dispositive. *Nita v. Connecticut Dep't of Env'tl Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Rule 4(m) provides an independent basis for a court to dismiss a complaint, *without prejudice.*  In relevant part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

> Fed. R. Civ. P. 4(m).

In addition, "[t]he district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion." *Zapata v. City of New York*, 502

F.3d 192, 197 (2d Cir. 2007).  Failure to serve in
accordance with Rule 4(m) generally warrants dismissal,
absent good cause.  *Id.* at 197-98 (internal citations
omitted).

## Discussion

On the whole, application of the five-factor test
weighs in favor of dismissal of the complaint under Rule 41(b).
*First*, more than five months have elapsed since Judge Levy's
December 18, 2019 order directed that plaintiff's counsel
provide a status update, advise whether she has served the
defendants, or show good cause for her failure to do so.
Plaintiff failed to respond or otherwise comply with the order.
Though plaintiff's counsel objected to the R&R, and requested,
on January 24 2020, twenty additional days to serve the
defendants, she has still failed to serve the defendants and
remains in violation of Rule 4(m), which requires that a
defendant be served within 90 days after the complaint is filed.
Nor has plaintiff taken any other steps to prosecute the case.
The excessive, inadequately-explained 17-month failure to effect
service of process or to show good cause since plaintiff
commenced this action weighs in favor of dismissal.  *Lyell*
*Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982)
(delays of a matter of months or years may warrant dismissal).
As noted above, failure to effect service within 90 days, absent

good cause, warrants dismissal of the action under Rule 4(m).
*Zapata v. City of New York*, 502 F.3d at 197-98; *see also Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508 (2d Cir. 2006)
(affirming dismissal of complaint as to individual defendants,
where plaintiff failed to establish good cause as to why service
was not effectuated pursuant to Rule 4(m)).

  *Second*, as noted above, plaintiff's counsel was on
notice that failure to comply with Judge Levy's order to provide
a status report and advise whether she had effectuated service
would likely result in dismissal.  Thus, the second factor also
weighs in favor of dismissal.

  *Third*, "[p]rejudice to defendants resulting from
unreasonable delay may be presumed," particularly given the 17-
month long delay in serving defendants with a complaint that
alleges events, acts and omissions that occurred four years ago
in May 2016.  *Lyell Theatre Corp.*, 682 F.2d at 43.  Plaintiff's
counsel asserts that no prejudice to defendants would result
should the court grant a further extension because an
investigation has been conducted into the circumstances
surrounding the May 13, 2016 incident that allegedly gave rise
to plaintiff's injuries.  The court disagrees and finds that the
third factor favors dismissal because defendants are likely to
suffer prejudice by having to defend against claims that

allegedly arose four years ago, about which defendants have yet
to receive actual notice from the plaintiff.

*Fourth*, plaintiff's counsel's delay has not impacted
the trial calendar, but has unnecessarily burdened the court's
work, by requiring the court to continually monitor the docket
and order plaintiff to prosecute the case.  The fourth factor
thus weighs in favor of dismissal.

*Fifth*, the court has considered imposing a lesser
sanction or granting plaintiff's counsel a further extension,
but rejects those options because counsel has not shown good
cause for ignoring the federal rules and a court order, and for
her continuing delays.  Further, plaintiff's counsel has already
received, and disregarded, the court's warning regarding
dilatory conduct.

In addition, dismissal is separately warranted under
Rule 4(m) because counsel has failed to show good cause for her
delay.  Counsel has not asserted good cause for failure to serve
the defendants since December 2018.  Rather, counsel's
objections to the R&R addressed only counsel's failure to comply
with Judge Levy's directive to provide a status report to the
court.  (ECF No. 8, Objection.)  Though the court sympathizes
with counsel's family health issues, and the challenges she has
faced in relocating her mother to various rehabilitation
facilities, these circumstances do not excuse her 17-month,

7

continuing failure to serve the defendants, nor her failure to seek additional time to serve until after Judge Levy recommended dismissal.  Despite the sympathetic and difficult circumstances presented by an elderly parent's illness, plaintiff's counsel has not provided any explanation why a process server could not have been utilized to effect proper service of process on the defendants since the action was commenced.  For that independent reason, dismissal of the complaint is also warranted.  *Zapata v. City of New York*, 502 F.3d at 197-98; *Bogle-Assegai v. Connecticut*, 470 F.3d at 508; *Gibbs v. Imagimed, LLC*, 2013 WL 2372265, at *2 (S.D.N.Y. May 30, 2013) (declining to find good cause under Rule 4(m), for failure to effect timely service, where plaintiff's counsel cited family health issues, and collecting cases); *West v. City of New York*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (granting motion to dismiss pursuant to Rule 41(b) over plaintiff's objection that his medical issues, which only partially accounted for plaintiff's failure to prosecute over 19 months, precluded plaintiff from prosecuting the case).

Accordingly, the court overrules plaintiff's counsel's objections, adopts Judge Levy's R&R in its entirety, and dismisses the complaint pursuant to Rule 41(b).

## <u>Conclusion</u>

For the reasons set forth above, the court overrules plaintiff's counsel's objections, adopts Judge Levy's R&R in its entirety, and dismisses the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court is respectfully directed to enter judgment dismissing the action and close the case.

**SO ORDERED.**

/s/
_____

**Hon. Kiyo A. Matsumoto**
United States District Judge

Dated:   May 30, 2020
         Brooklyn, New York